**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSALYN EDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:24-cv-01664 |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSAL PROTECTION SERVICE, | ) | |
| LLC D/B/A ALLIED UNIVERSAL | ) | |
| SECURITY, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | | |

## COMPLAINT

Plaintiff, Josalyn Edge ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Universal Protection Service, LLC d/b/a Allied Universal Security ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §2000e-5 *et. seq.*, ("Title VII"), seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Josalyn Edge, resides in Will County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Universal Protection Service, LLC d/b/a Allied Universal Security, is a limited liability company doing business in and for DuPage, County whose address is 4300 Weaver Pkwy, Warrenville, IL 60555.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a security guard from May 11, 2023 through November 30, 2023.

12. Since at least May 11, 2023 through November 30, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

13. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

14. Plaintiff was subjected to consistent sexual harassment, occurring at nearly every shift.

15. The constant sexual in nature comments came from drivers, specifically Charles Jackson and Phil Haley.

16. Comments included noting the Plaintiff's had sex appeal, physically spanking her, strutting for the drivers, her long legs, Jesus having the key to her heart but not her underwear, lack of a significant other, and mocking how she bounced when she walked.

17. Additionally, once Charles Jackson grabbed her by the waist and attempted to tickle her.

18. Male security guards in the Plaintiff's position were not subject to constant sexual comments and harassment.

19. Multiple of the Plaintiff's coworkers witnessed the sexual pervasive comments directed towards her and the unfair treatment she received almost daily.

20.     Plaintiff engaged in a protected activity by reporting the unwelcome sexual harassment and sex-based discrimination to a supervisor, Jonathan Bell.

21.     After Plaintiff reported the sexual harassment, Defendant did not conduct an investigation or take any appropriate remedial measures.

22.     On or November 27, 2023 at 12:05pm, Plaintiff received an email from Samuel Vires stating, "Josalyn Edge your presence is required at the AUS branch office located at 4300 Weaver Parkway suite 120 Warrenville, IL"

23.     Plaintiff responded at 2:25pm stating, "I won't be able to make the meeting tomorrow due to my schedule. However, if you can please send me Cesar's contact information I can give him a call or an email to reschedule.

24.     Without a non-retaliatory reason, Cesar Noyola emailed Plaintiff, "Please let me know when you can come into the office this week. You are removed from the schedule until we have this meeting.

25.     On November 30, 2023, Plaintiff was terminated by Cesar Noyloa despite Plaintiff not having any disciplinary record.

26.     Plaintiff was terminated on the basis of her sex and retaliated against for reporting the pervasive sexual harassment to the drivers' supervisor, Jonathan Bell, who was shortly thereafter fired for sexual harassment himself.

27.     Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

28.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

29.     There is a basis for employer liability for the sexual harassment that Plaintiff was

subjected to.

30. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

31. Plaintiff was treated less favorably that similarly situated employees outside of her protected class.

**COUNT I**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

32. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

33. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

34. Defendant knew or should have known of the harassment.

35. The sexual harassment was severe or pervasive.

36. The sexual harassment was offensive subjectively and objectively.

37. The sexual harassment was unwelcomed.

38. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

39. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

40. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

41. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

43. Plaintiff met or exceeded performance expectations.

44. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

46. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

47. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

49.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

50. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

51. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. § 2000e, et seq.

52.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

53.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

54.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

55.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

56.     Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

57.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

58.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

      a.         Back pay and benefits;

      b.         Interest on back pay and benefits;

      c.         Front pay and benefits;

      d.         Compensatory damages for emotional pain and suffering;

      e.         Pre-judgment and post-judgment interest;

      f.         Injunctive relief;

      g.         Punitive damages;

      h.         Reasonable attorney's fees and costs; and

      i.         For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of February, 2024.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*

8